NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MERLE RICHARD SCHMIDT,**
*Petitioner.*

---

2014-101

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:12-cv-00773-SGB, Judge Susan G. Braden.

---

**ON PETITION**

---

Before RADER, *Chief Judge*, LOURIE and TARANTO, *Circuit Judges.*

PER CURIAM.

### O R D E R

Merle Richard Schmidt petitions for a writ of mandamus to compel the United States Court of Federal Claims to enter declaratory judgment. We consider whether Schmidt's petition should be construed as a notice of appeal.

Schmidt filed a complaint in the Court of Federal Claims seeking a declaratory judgment that he is the owner of a plot of land in Iowa. On June 28, 2013, the Court of Federal Claims entered judgment dismissing

Schmidt's complaint for lack of jurisdiction.  Schmidt then requested the Court of Federal Claims to vacate the order dismissing his complaint.  On August 15, 2013, the Court of Federal Claims denied that motion.  On October 15, 2013, Schmidt filed this writ of mandamus, asking for the same relief he sought in the Court of Federal Claims and arguing the merits of his appeal.

In order to appeal a judgment of the United States Court of Federal Claims, the party seeking appeal must file notice that sets forth (1) the name of each party to the proceeding, (2) the judgment, order, or part, thereof being appealed, and (3) the name of the court to which the appeal is taken.  Fed. R. App. P. 3(c). Schmidt's petition meets these requirements.  In addition, his petition is timely if treated as a notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(B).

We conclude that the petition should be construed as a timely notice of appeal, and thus mandamus relief is not appropriate.  *See Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it.").

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied because the matter is treated as a timely notice of appeal.  The clerk is directed to docket the case as an appeal.

IN RE SCHMIDT                                                            3

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24